# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 666 | **DATE** | 1/26/2011 |
| **CASE TITLE** | Phillips vs. Allen | | |

**DOCKET ENTRY TEXT**

Upon initial examination of Defendants' bill of costs [101], the Court notes that the documentation submitted to date does not permit the Court to undertake a complete assessment of whether it is appropriate to award all of the claimed costs. To the extent that Defendants would like the Court to consider whether costs are appropriate in those areas, Defendants are given until 2/10/2011 to submit additional documentation. Plaintiff is given until 2/24/2011 to submit any objections to the bill of costs.

■[ For further details see text below.]  Notices mailed by Judicial staff.

**STATEMENT**

Before the Court is Defendants' bill of costs [101], filed pursuant to Fed. R. Civ. P. 54(d)(1), which provides that "costs – other than attorney's fees – should be allowed to the prevailing party." The Seventh Circuit recognizes "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). Although Plaintiff has not submitted any objections to the bill of costs, a district court nevertheless must examine a bill of costs to determine (1) whether the cost is recoverable; and (2) whether the amount assessed is reasonable. See *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). In undertaking those inquiries, district courts are guided in large part by reasonably objective criteria, including the list of recoverable costs set forth in 28 U.S.C. § 1920 and the applicable rates for certain expenses as set forth by the Judicial Conference (in regard to court reporting and transcription fees) and/or the case law (in regard to, for example, photocopying).

Here, the documentation submitted by Defendants to date in support of some, but not all, of the court reporting and transcription fees listed in Defendants' bill of costs does not permit the Court to undertake the reasonableness inquiry under the applicable Judicial Conference standards. As to each such expense, the Court must know how many pages were transcribed, under what deadlines the transcription took place (because higher rates are allowed where expedited preparation was reasonable) and what rate was charged per page. The documentation in support of Defendants' request for witness fees and expenses likewise is lacking in regard to providing the Court with a basis for undertaking a reasonableness analysis.

To the extent that Defendants would like the Court to consider whether costs are appropriate in these areas, Defendants are given until 2/10/2011 to submit any additional documentation. Plaintiff is given until 2/24/2011 to submit any objections to the bill of costs.