# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 666 | **DATE** | 5/6/2011 |
| **CASE TITLE** | Phillips v. Allen et al. | | |

**DOCKET ENTRY TEXT**

Before the Court is Defendants' amended bill of costs [117]. For the reasons stated below, the Court awards Defendants **$7,319.56** in costs.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

Following entry of judgment in their favor, Defendants submitted a bill of costs [101] pursuant to Federal Rule of Civil Procedure 54(d). Plaintiff did not file an objection to the original bill of costs. Nevertheless, the Court scrutinized the amounts sought by Defendants and ordered Defendants to provide additional back-up documentation that would permit the Court to fully consider the amounts requested [116]. The order requesting additional documentation also allowed Plaintiff until 2/24/2011 to submit any objections to the amended bill of costs.

Defendants filed their amended bill of costs on 2/10/2011 [117], and Plaintiff filed no objection. Upon careful consideration of Defendants' amended bill of costs, the Court awards Defendants the full amount requested: **$7,319.56**.

I.    **Legal Standards**

Rule 54(d)(1) provides that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago,* 469 F.3d 631, 634 (7th Cir. 2006). However, the Seventh Circuit recognizes "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy,* 338 F.3d 704, 708 (7th Cir. 2003); see also *Rivera,* 469 F.3d at 634-35. Taxing costs against the non-prevailing party requires two inquiries: (1) whether the cost is recoverable; and (2) whether the amount assessed is reasonable. See *Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000). The list of recoverable costs pursuant to 28 U.S.C. § 1920 includes (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-

| STATEMENT |
|---|

appointed experts and interpreters. See *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.,* 481 F.3d 442, 447 (7th Cir. 2007).

## II. Analysis

### A. Court Reporting and Transcription Fees – 28 U.S.C. § 1920(2)

First, Defendants seek $6,208.65 in court reporting fees pursuant to 28 U.S.C. § 1920(2). The Court awards deposition charges if the deposition appears reasonably necessary in light of the facts known at the time of the deposition. See *Little v. Mitsubishi Motors N. Am., Inc.,* 514 F.3d 699, 702 (7th Cir. 2008) (per curiam); *Mother & Father*, 338 F.3d at 708. Under Northern District of Illinois Local Rule 54.1(b), the costs of a transcript shall not exceed the regular copy rate established by the Judicial Conference of the United States. See N.D. Ill. L.R. 54.1(b).

The applicable rates pursuant to the Judicial Conference for depositions and trials conducted after February 28, 2003, but before November 1, 2007, are $3.30 per page for ordinary transcripts, $4.40 per page for expedited transcripts, and $5.50 for daily transcripts. See *Gyrion v. City of Chicago,* 454 F. Supp. 2d 725, 726 (N.D. Ill. 2006). For depositions and trials conducted after November 1, 2007, the applicable Judicial Conference rates are $3.65 per page for ordinary transcripts, $4.25 per page for fourteen day transcripts, $4.85 per page for seven day transcripts, $6.05 per page for daily transcripts, and $7.25 per page for hourly transcripts. See www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt.htm. Reasonable attendance fees also are recoverable under Section 1920(2). See, *e.g.*, *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998) ("As for the deposition attendance fees charged by the court reporter, we have previously held that even though these fees are not specifically mentioned in the statute, the district court may award them in its discretion pursuant to 28 U.S.C. § 1920(2)"); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995) (same).

The Court has scrutinized the supporting materials (including invoices) attached to Defendants' amended bill of costs and finds that the amounts requested are supported. For each transcript, Defendants now provide the date, the type of transcript (for example, original versus copy transcripts and normal versus accelerated delivery), the cost per page, and the number of pages. With this information, the Court is able to now ascertain that all the charges are appropriate.

### B. Witness Fees and Expenses – 28 U.S.C. § 1920(3)

Next, Defendants seek $917.71 in costs associated witness fees pursuant to 28 U.S.C. § 1920(3) and 28 U.S.C. § 1821. See *Majeske,* 218 F.3d at 825-26 ("Collectively, 28 U.S.C. §§ 1821 and 1920(3) authorize the award of costs to reimburse witnesses for their reasonable travel and lodging expenses"). Section 1821 provides for a *per diem* of $40 per day for attendance at a court proceeding or deposition. Defendants ask for $64.70 for Elizabeth Graham, $51.09 for Ruby Graham, $51.92 for Kellyn Coakley, and $750 for William T. Gaut.

Defendants have provided the subpoenas for Elizabeth Graham, Ruby Graham, and Kellyn Coakley (which lists each of their addresses) and copies of the slips showing the total payment to each witness. The bill of costs also specifies how much of each of those payments was for mileage ($24.70 for Elizabeth Graham, for travel from Forest Park, Illinois; $11.09 for Ruby Graham, for travel from Niles, Illinois; and $11.92 for Kelly Coakley, for travel within Chicago, Illinois). For Gaut, Defendants attach a W-9 tax form that shows Gaut's address in Naples, Florida and that $750 was paid to him. Each of the amounts requested under 28 U.S.C. § 1920(3) is reasonable; the Court awards each of the amounts requested.

| STATEMENT |
|---|

### C. Fees for Exemplification and Copies – 28 U.S.C. § 1920(4)

Next, Defendants seek $193.20 in photocopying and exemplification costs pursuant to 28 U.S.C. § 1920(4), which allows a judge to tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." See *Tchemkou v. Mukasey,* 517 F.3d 506, 513 (7th Cir. 2008). Courts interpret this section to mean that photocopying charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not. See *Kulumani v. Blue Cross Blue Shield Ass'n,* 224 F.3d 681, 685 (7th Cir. 2000); *McIlveen v. Stone Container Corp.,* 910 F.2d 1581, 1584 (7th Cir. 1990). Under Section 1920(4), the prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble,* 924 F.2d 633, 643 (7th Cir. 1991). Instead, the prevailing party need only provide the best breakdown obtainable from the records. See *id.*

In their original bill of costs, Defendants provided the following as a description of their photocopying costs:

> **Copying Expenses:**
> Document Production (Hard Copy)
> - Document Bates Stamped 1932 / 1pg. @ .$10 ...... $193.20

A charge of $0.10 per copy is within the range of $0.10 to $0.20 per page that courts have found to be reasonable in this district. See, *e.g.*, *Harkins v. Riverboat Serv., Inc.*, 286 F. Supp. 2d 976, 982 (N.D. Ill. 2003); see also *Helzing v. Loyola Univ. of Chicago,*, 2004 WL 2608287, at *4 (N.D. Ill. Nov. 16, 2004); *Vardon Golf Co., Inc. v. Karsten Mfg. Corp.*, 2003 WL 1720066, at *11 (N.D. Ill. Mar. 31, 2003); *Figueroa v. City of Chicago*, 2000 WL 1036019, at *2 (N.D. Ill. July 20, 2000). Defendants' description of what actually was copied is vague, but because the materials copied were apparently "Bates Stamped," the Court infers they were discovery materials necessary for use by Defendants in the case. Because Defendants' request for photocopying fees is reasonable and recoverable (see *Majeske,* 218 F.3d at 824), the Court awards **$193.20** under Section 1920(4).

### III. Conclusion

For the foregoing reasons, pursuant to Fed. R. Civ. P. 54(d)(1), the Court awards Defendants costs in the amount of **$7,319.56** as the prevailing party in this action.